**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 09-5056**

———————

UNITED STATES OF AMERICA,

         Plaintiff – Appellee,

    v.

IRVIN JAMAR FERGUSON, a/k/a Irvin Jamar Fergueson, a/k/a
Ervin Shawn Ferguson,

         Defendant – Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:08-cr-00166-TDS-1)

———————

Submitted:  August 18, 2010      Decided:  September 9, 2010

———————

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

George E. Crump, III, Rockingham, North Carolina, for Appellant.
Anna Mills Wagoner, United States Attorney, Robert A. J. Lang,
Assistant United States Attorney, Winston-Salem, North Carolina,
for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Irvin Jamar Ferguson appeals his conviction for possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (2006), which arose from a vehicular stop where Jamie Evans was the driver and Ferguson was her sole passenger.

## I.    Ferguson's Letters to Evans

After his arrest, Ferguson wrote several letters to Evans that arguably attempted to influence Evans' upcoming testimony, and advocated that she attempt to coerce the vehicle's owner, Candice Reeves, regarding her testimony.* Ferguson sent the letters to Evans' parents' home, where her father, who did not like his daughter socializing with Ferguson, intercepted them, tore them up and threw them away. Evans salvaged what she could and turned the partial writings over to the Government.

The district court concluded that because no party was responsible for destroying the letters, the remaining pieces could be admitted into evidence. On appeal, Ferguson argues that Fed. R. Evid. 106 required the district court to exclude

_____

* Trial testimony established that Reeves gave Evans permission to borrow her vehicle on the night in question.

2

the letter fragments.  Ferguson misapprehends Rule 106, and its so-called "rule of completeness."

The government has a duty to preserve evidence that (1) possesses an apparent exculpatory value, and (2) is of such a nature that the defendant would be unable to obtain comparable evidence by other available means.  California v. Trombetta, 467 U.S. 479, 489 (1984).  In certain cases, Rule 106 may counsel in favor of exclusion where the Government improperly preserves evidence, saving only those portions of a writing or recording that are helpful to its case and destroying potentially exculpatory portions.  Cf. United States v. Yevakpor, 419 F. Supp. 2d 242, 246-47 (N.D.N.Y. 2006).  However, if evidence is destroyed, the defendant must prove that the government acted in bad faith.  Arizona v. Youngblood, 488 U.S. 51, 58 (1988).

Here, Ferguson does not argue that the Government failed to properly preserve the evidence that it had, or that it improperly destroyed evidence that was exculpatory.  Nor does he state how the admitted portions of his letter were taken out of context, or how the missing portions would help bring them into focus.  Instead, Ferguson takes a literal view of Rule 106, and argues that because the letters were not available in their complete and unabridged form to anyone, they should not be admitted into evidence under any circumstance.

3

We reject Ferguson's view, as it is not supported by the law. Because the Government was wholly uninvolved in the partial destruction of Ferguson's letters, and did not act in bad faith, the district court did not abuse its discretion in admitting the remaining pieces of the letters into evidence. See United States v. Lancaster, 78 F.3d 888, 896 (4th Cir. 1996) ("Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of that discretion.").

## II. Ferguson's Coram Nobis Petition

After Ferguson's conviction, but before the time he was sentenced, the Supreme Court issued its ruling in Arizona v. Gant, 129 S. Ct. 1710 (2009). In that case, the Court set forth new rules governing warrantless searches arising out of vehicle stops. See 129 S. Ct. at 1719 (A search of a vehicle incident to arrest is justified "only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search" or when "it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'").

Based exclusively on this authority, Ferguson filed a corum nobis petition in the district court seeking to have the firearm found in the glove box suppressed and his conviction

4

vacated. The district court denied his motion, finding that he did not have standing to contest the search because the vehicle did not belong to him and he had otherwise failed to establish a reasonable expectation of privacy in it. We conclude that the district court did not commit reversible error.

A writ of coram nobis may be granted to vacate a conviction "after the sentence has been served." See United States v. Mandel, 862 F.2d 1067, 1075-76 (4th Cir. 1988) (citations omitted). A court can grant this "extraordinary remedy" only when an error "of the most fundamental character" has occurred, and no other remedy is available. Id. at 1076.

Here, it is clear that Ferguson had not finished serving his sentence, exhausted his direct appeal, or exhausted his remedies under 28 U.S.C. § 2255 (West Supp. 2010) at the time he filed his petition. While these facts alone could have ended the district court's inquiry, we are also unpersuaded that challenges to the legality of a search, such as the one Ferguson made below, involve the sort of fundamental error that is required for a court to grant coram nobis relief.

Thus, it is clear that coram nobis relief is inappropriate under these circumstances, and we accordingly need not evaluate the lower court's determinations concerning Ferguson's standing, or lack thereof. Cf. Carlisle v. United States, 517 U.S. 416, 429 (1996) ("[I]t is difficult to conceive

5

of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." (internal quotation marks omitted). Moreover, even if construed as simply seeking a reversal on direct appeal, Ferguson's pleadings make clear that he is not entitled to relief. Ferguson concedes in his brief that he did not move to suppress the firearm before trial, as required by Fed. R. Crim. P. 12(b)(3)(C). Therefore, he is not entitled to relief on this point, regardless of Gant. See Fed. R. Crim. P. 12(e) (a party "waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides"); see also United States v. Whorley, 550 F.3d 326, 337 (4th Cir. 2008).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aide the decisional process.

AFFIRMED